IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| FEDERAL CARTRIDGE COMPANY, a Minnesota corporation, | ) | |
| Plaintiff, | ) | Civil Action No. 00-1569 JRT/FLN |
| v. | ) | |
| CYRUS, INC. d/b/a FEDERAL ARMS CORPORATION OF AMERICA, a Minnesota corporation, | ) | |
| Defendant. | ) | |

**CONSENT JUDGMENT**

**Introduction**

Plaintiff, Federal Cartridge Company ("Federal") brought this action against Cyrus, Inc. d/b/a Federal Arms Corporation of America ("Cyrus") alleging the unauthorized use of Federal's famous FEDERAL trademark, in violation of 15 U.S.C. Sections 1125(a) and (c), for unfair competition under Minnesota common law and for deceptive trade practices in violation of Minnesota statutory law.

The action resulted from claims of Cyrus' alleged unauthorized use of the FEDERAL trademark in interstate commerce in connection with the sale of various ammunition products.

After negotiations and pursuant to Settlement Agreement between Federal and Cyrus, Federal and Cyrus agreed and stipulated to entry of the following findings of fact,

FILED JUN 1 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

conclusions of law, and order, by this Court. Therefore, the Court, having been advised in the premises, having reviewed the Court file, and noting the parties' advisement as to a Settlement Agreement between Federal and Cyrus, hereby enters the following findings of fact, conclusions of law, and order. Any findings of fact that are determined to be conclusions of law, and any conclusions of law that are determined to be findings of fact, should be treated as such.

**Nature of Action**

1. This is an action for federal trademark and trade name infringement, trademark dilution, and unfair competition in violation of sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c), for common law unfair competition and for deceptive trade practices in violation of M.S.A. §§ 325D.43-325D.48.

2. This action arises from claims of Cyrus' alleged unauthorized use of the FEDERAL trademark in the United States in interstate commerce on, or in connection with, the sale of various ammunition products.

**Parties**

3. Federal is a corporation organized and existing pursuant to the laws of the State of Minnesota, having a principal place of business in Anoka, Minnesota.

4. Cyrus is a Minnesota corporation with registered offices at 8035 Ranchers Road, Fridley, Minnesota 55432.

5. Cyrus registered the name, Federal Arms Corporation of America, with the Minnesota Secretary of State's Office and began using the FEDERAL mark.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over Federal's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338. This Court has jurisdiction over the state unfair competition claim under 28 U.S.C. § 1338(b). This Court also has personal jurisdiction over Cyrus. Venue is proper in this Court.

**Federal's Business, Products and Advertising**

7. Federal is one of the leading manufacturers and marketers of ammunition products in the United States.

8. For over eighty years, Federal, itself or through its predecessors, has been developing, manufacturing and marketing ammunition products in the United States. Federal has sold many millions of dollars of its FEDERAL ammunition products and has expended many millions of dollars in advertising and promoting such ammunition products.

9. Federal has extensively marketed and sold its ammunition products under the FEDERAL trademark for over eighty years. Over these years, Federal has spent many millions of dollars in marketing and sales expenditures.

10. The FEDERAL ammunition products are among the best selling ammunition products in the country. They embody goodwill, worth millions of dollars, that has been painstakingly developed over the years by Federal at enormous cost.

11. Federal advertises and promotes its ammunition products under the FEDERAL Marks with all methods available to it, including print, retail advertising and promotion at point-of-sale, direct mail promotion, sponsorships, and event marketing.

12. By reason of the extensive advertising and sales, Federal's distinctive FEDERAL trademark has become famous. Consumers readily recognize the FEDERAL trademark and identify it with ammunition products manufactured by Federal.

**FEDERAL Federal Registrations**

13. Federal has taken steps to protect its FEDERAL trademarks, including by registering them in the United States Patent and Trademark Office.

14. In connection with the sale and marketing of its products, and its business, Federal, itself and through its predecessors, has used in interstate commerce various FEDERAL trademarks. Federal owns the United States trademark registrations listed below:

| Trademark and Goods | Registration No. | Date Issued | First Use Date | Status |
|---|---|---|---|---|
| FEDERAL (for shot shells, metallic cartridges, air rifle shot, hand traps, ammunition components, such as primers, card wads, cushion wads, and empty primed shells, in Class 9) | 729,938 | April 17, 1962 | September 1, 1918 | Registered and Incontestable |
| FEDERAL and Design (for small arms ammunition in Class 9) | 908,894 | March 2, 1971 | May 1965 | Registered and Incontestable |
| FEDERAL PREMIUM SAFARI (for centerfire cartridges in Class 13) | 2,125,468 | December 30, 1997 | November 1988 | Registered |

15. As referenced above, Federal's right to use Registration Nos. 729,938 and 908,894 has become incontestable pursuant to 15 U.S.C. § 1065.

16. In addition, Federal owns the United States trademark applications listed below:

| **Trademark and Goods** | **Application No.** | **Filing Date** | **First Use Date** |
|---|---|---|---|
| FEDERAL PREMIUM (for ammunition, namely, shotshells, centerfire rifle cartridges, rimfire rifle cartridges, sabot and rifled slugs for shotguns, and handgun cartridges in Classes 2 and 9) | 75/707,288 | May 17, 1999 | January 24, 1977 |
| FEDERAL CLASSIC (for ammunition, namely, shotshells, centerfire rifle cartridges, rimfire rifle cartridges, sabot and rifle slugs for shotguns, and handgun cartridges in Classes 2 and 9) | 75/707,849 | May 17, 1999 | December 1, 1988 |

17. For purposes of this Consent Judgment, the above-referenced registrations and applications are hereinafter referred to as the "FEDERAL Marks."

**Cyrus' Sales of Ammunition Products**

18. Cyrus has sold ammunition products in interstate commerce under the mark FEDERAL, and has used the term "Federal" in its trade name.

## Action Thus Far

19. Federal filed suit in this Court against Cyrus for trademark infringement, dilution of trademark rights associated with the FEDERAL Marks, and related causes of actions.

20. Cyrus counterclaimed to cancel Federal's registration of the FEDERAL trademark.

21. The parties have entered into a confidential settlement agreement that sets forth the terms by which this matter will be resolved. Pursuant to the confidential settlement agreement, Cyrus acknowledges the validity of Federal's FEDERAL Marks, and Federal's ownership of those marks.

## JUDGMENT

Based on the foregoing findings of fact and conclusions of law, and with the stipulation and agreement of the parties, it is hereby Ordered, Adjudged, and Decreed that:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The parties' confidential settlement agreement governs the terms of resolution of this dispute.

3. By dates set forth in the confidential settlement agreement, Cyrus shall cease all use the mark FEDERAL, and any and all derivatives thereof, to designate in any manner any of its products or services.

4. Each party shall bear its own costs and attorneys' fees incurred in connection with this action.

5. Judgment shall be entered pursuant hereto, forthwith, and without further notice.

6. The parties hereto waive any and all right to appeal from this Order.

7. The Settlement Agreement between the parties is approved and the parties are ordered to comply with same.

8. The Court retains jurisdiction for the purpose of enabling the parties to apply to this Court at any time for such further orders or direction as may be necessary for the interpretation or implementation of this Order, compliance herewith, or punishment for violations. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994), the Court also retains jurisdiction for purposes of enforcing the terms of the Settlement Agreement entered into between the parties effective ~~May~~ June 8 [illegible] DL per approval, 2001.

9. Each party is free to disclose the terms of this Consent Judgment, but not the terms of the confidential settlement agreement without the prior written consent of the other party.

10. The Clerk is directed to enter this FINAL CONSENT JUDGMENT forthwith.

June 18, 2001
Dated

United States District Judge

APPROVED AS TO FORM AND CONTENT BY:

Date: 6-08-01

Karen McDaniel
Altera Law Group LLC
10749 Bren Road, East, Opus 2
Minneapolis, Minnesota 55343

Of Counsel:
Richard Irving
BLOUNT, INC.
4520 Executive Park Drive
Montgomery, Ala. 36116
Telephone: (334) 244-4340
Facsimile: (334) 271-8130

and

David S. Fleming
Scott J .Slavick
BRINKS HOFER GILSON & LIONE
NBC Tower — Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

**Attorneys for Plaintiff**

Date: 6.01.01

David M. Lawson, #146559
3433 Broadway Street N.E.
Suite 185
Minneapolis, Minnesota 55413
(612) 623-4585
and
Nawrocki, Rooney & Sivertson, P.A.
Lawrence M. Nawrocki
3433 Broadway Street N.E.
Suite 401
Minneapolis, MN 55413
(612) 331-1464

**Attorneys for Defendant**